UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ETTA BROWN                                    JURY TRIAL DEMANDED

v.                                            CASE NO. 3:12 cv

ENHANCED RECOVERY COMPANY, LLC

COMPLAINT

1.   This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2.   This Court has jurisdiction. 15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3.   Plaintiff is a natural person and a consumer within the FDCPA, who resides in New Haven Connecticut.

4.   The Defendant is licensed as a Consumer Collection Agency by the State of Connecticut, Department of Banking.

5.   Defendant has been a member of a collectors' trade organization, ACA International, since 2002.

6.   ACA provides educational and training material to help members comply with the FDCPA, including such publications as FastFax 8000, on Adding Fees to Debts.

7.   The defendant is a "debt collector" as the term is defined in the FDCPA, because it uses the mails in efforts to collect personal accounts from consumers on behalf of third parties.

8.   On July 20, 2011, defendant sent a letter to plaintiff with regard to her personal AT&T account.

9.   Defendant claimed that the "Principal" was $1,490.91, the "Collection Fees" were $223.64, and the "Balance Due" was $1,714.55.

10.     Defendant had not charged any collection fee to AT&T.

11.     AT&T had not paid any Collection Fee to defendant.

12.     State law expressly prohibits the addition of "any charge or fee to the amount of any claim which it receives for collection or knowingly accept[ing] for collection any claim to which any charge or fee has already been added to the amount of the claim unless the consumer debtor is legally liable therefor, in which case, the charge or collection fee may not be in excess of fifteen per cent of the amount **actually collected** on the debt." Conn. Gen. Stat. §36a-805(13) (emphasis added).

13.     It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Defendant bears the burden of proof that it is within the "unless" clause of §1692f(1). See, e.g., Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2400, 171 L. Ed. 2d 283 (2008) ("[T]he burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C. 1499 (1948) (internal quotation marks omitted)).

14.     Plaintiff claims that Defendant's collection efforts violated 15 U.S.C. §1692e(2), -f(1) or –g by including an unlawful collection fee in the total amount due on the account. Tuttle v. Equifax Check, 190 F.3d 9, 13 (2d Cir. 1999).

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such compensatory and punitive damages as are permitted by law, as well as $1,000 statutory damages under the FDCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

                THE PLAINTIFF

*Joanne S. Faulkner*

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    faulknerlawoffice@snet.net